# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. STEVEN RAY ROWSEY, <br> 2. MELINDA MICHELE THOMAS, <br><br> Plaintiffs, <br><br> v. <br><br> 1. HOMESITE INDEMNITY COMPANY, <br>    a Foreign for Profit Insurance Corporation, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.: 17-CV-359-JHP <br> ) <br> ) <br> ) <br> ) <br> ) |

## **COMPLAINT**

## **A. Parties**

1. Plaintiffs, Steven Ray Rowsey and Melinda Michele Thomas, are each citizens of the State of Oklahoma.

2. Defendant, Homesite Indemnity Company, is a foreign for-profit insurance corporation, incorporated and organized under the laws of the State of Wisconsin.

3. The principal place of business for Defendant, Homesite Indemnity Company, is Madison, Wisconsin.

4. The Defendant, Homesite Indemnity Company, is licensed to conduct business in the State of Oklahoma and may be served with process through the Oklahoma Department of Insurance.

5. This action is not related to any other case filed in this court.

## B. Jurisdiction

6. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## C. Facts

7. At all times material hereto, the Plaintiffs, Steven Ray Rowsey and Melinda Michele Thomas, rented a home located at 7224 E. 144 in Atwood, Oklahoma, which was insured under the terms and conditions of an insurance policy, policy number 33774075, issued by the Defendant, Homesite Indemnity Company.

8. At all times material hereto, the Plaintiffs, Steven Ray Rowsey and Melinda Michele Thomas, complied with the terms and conditions of their insurance policy.

9. On or about March 4, 2017, the Plaintiffs' home and contents were damaged and/or destroyed as a result of a fire. These damages are covered pursuant to the terms and conditions of Plaintiffs' insurance policy.

10. Fire is a covered peril not limited or excluded pursuant to the terms and conditions of Plaintiffs' insurance policy.

## D. Count I: Breach of Contract

11. Plaintiffs, Steven Ray Rowsey and Melinda Michele Thomas, hereby

assert, allege and incorporate paragraphs 1-10 herein.

12. The insurance policy, policy number 33774075, issued by Defendant, Homesite Indemnity Company, was in effect on or about March 4, 2017.

13. Subsequent to the March 4, 2017 fire, Plaintiffs, Steven Ray Rowsey and Melinda Michele Thomas, timely submitted a claim to Defendant, Homesite Indemnity Company.

14. The acts and omissions of Defendant, Homesite Indemnity Company, in the investigation, evaluation, and payment of Plaintiffs' claim were unreasonable and constitute a breach of contract for which contractual damages are hereby sought. Defendant, Homesite Indemnity Company, breached its contract with Plaintiffs, Steven Ray Rowsey and Melinda Michele Thomas, by failing to issue payment for the Plaintiffs' damages and by failing to conduct a reasonable investigation and evaluation of the Plaintiffs' claim. Defendant failed to adequately and timely issue payment to Plaintiffs for their covered losses and unreasonably delayed the issuance of any payment to Plaintiffs for nearly 7 months, without any reasonable justification or excuse.

### E. Count II: Bad Faith

15. Plaintiffs, Steven Ray Rowsey and Melinda Michele Thomas, hereby assert, allege and incorporate paragraphs 1-14 herein.

16. The acts and omissions of the Defendant, Homesite Indemnity Company,

in the investigation, evaluation and payment of Plaintiffs' claim were unreasonable and constitute bad faith for which bad faith and extra-contractual damages are hereby sought.

17.     Defendant Homesite Indemnity Company's undue and unreasonable delay and/or refusal to issue payment to Plaintiffs for their covered fire loss amounts to a bad faith breach of Plaintiffs' insurance policy. Defendant, Homesite Indemnity Company, acted in bad faith by failing to issue payment for the Plaintiffs' damages and by failing to conduct a reasonable investigation and evaluation of the Plaintiffs' claim. Defendant failed to adequately and timely issue payment to Plaintiffs for their covered losses and unreasonably delayed the issuance of any payment to Plaintiff for nearly 7 months, without any reasonable justification or excuse. Throughout this time, Defendant kept Plaintiffs in the dark about the status of their claim and about Defendant's coverage position with respect thereto. Defendant unreasonably failed to issue any advance payment to Plaintiffs or otherwise issue any payment to Plaintiffs for additional living expenses or for their damaged contents, despite the fact that Plaintiffs were displaced from their home and their contents were damaged/destroyed as a result of a covered fire loss. At all times, Plaintiffs complied with the terms and conditions of their insurance policy. Plaintiffs timely submitted a list of damaged contents to Defendant and provided testimony in an examination under oath.

Defendant's adjusters continued to keep Plaintiffs in the dark about their coverage and their claim for nearly 7 months, only stating that the claim was "under investigation" and even going as far as to state that Defendant would not issue any payment for Plaintiffs' contents which were destroyed by fire unless Plaintiffs "had pictures to prove it." Defendant has refused to issue payment to Plaintiffs for their covered loses and has unreasonably delayed the claim process, despite the fact that Defendant has no reasonable evidence to suggest that Plaintiffs' losses are not covered or that the fire was intentionally started by or procured by the Plaintiffs.

18.    Defendant Homesite Indemnity Company's unreasonable investigation, evaluation, and undue delay was outside of insurance industry standards, and was committed in bad faith.

### F. Punitive Damages

19.    Plaintiffs, Steven Ray Rowsey and Melinda Michele Thomas, hereby assert, allege and incorporate paragraphs 1-18 herein.

20.    The unreasonable conduct of the Defendant, Homesite Indemnity Company, in the handling of Plaintiffs' claim was intentional, willful, wanton and was committed with a reckless disregard for the rights of the Plaintiffs, Steven Ray Rowsey and Melinda Michele Thomas, for which punitive damages are hereby sought.

## G. Demand for Jury Trial

21. Plaintiffs, Steven Ray Rowsey and Melinda Michele Thomas, hereby request that the matters set forth herein be determined by a jury of their peers.

## H. Prayer

22. Having properly pled, Plaintiffs, Steven Ray Rowsey and Melinda Michele Thomas, hereby seek contractual, bad faith and punitive damages against the Defendant, Homesite Indemnity Company, together in an amount in excess of $75,000.00; including costs, interest and attorney fees.

Respectfully submitted,

S/ *Michael D. McGrew*
Michael D. McGrew, OBA# 013167
McGrew, McGrew & Associates, PC
400 N. Walker, Suite 115
Oklahoma City, Oklahoma 73102
(405) 235-9909 Telephone
(405) 235-9929 Facsimile
mcgrewslaw@yahoo.com
**ATTORNEYS FOR THE PLAINTIFFS**